UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Gary R. Moore, # 312056, | ) | C/A No.: 4:09-1258-JFA-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Gregory Knowlin, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Gary Robert Moore ("Petitioner/Moore"), a *pro se* prisoner, seeks habeas relief

pursuant to 28 U.S.C. §2254. This matter is before the Court on the Respondent's motion for

summary judgment (document # 15).[1]

The Petitioner filed this petition for a writ of habeas corpus on May 15, 2009. On September

2, 2009, the Respondent filed a motion for summary judgment, along with supporting memorandum

and exhibits. The undersigned issued an Order filed September 3, 3009, pursuant to Roseboro v.

Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Petitioner of the motion for summary judgment

procedure and the possible consequences if he failed to respond adequately. Petitioner filed a

response in opposition. On October 7, 2009, Petitioner filed a motion for summary judgment, and

Respondent filed a response in opposition. (Docs. #20 and #21).


## I.  PROCEDURAL HISTORY

The procedural history as set out by the Respondent has not been seriously disputed by the

---

[1]  [1] This habeas corpus case was automatically referred to the undersigned United States
Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02,
DSC. Because this is a dispositive motion, this report and recommendation is entered for review
by the district judge.

Petitioner. Therefore, the undisputed procedural history as stated by the Respondent is set forth herein.

Petitioner is presently confined to the South Carolina Department of Corrections pursuant to Orders of Commitment from the Clerk of Court from Horry County. At the June 2003 term, the Horry County Grand Jury indicted Petitioner for leaving the scene of an accident (03- GS-26-1789). (Tr. 789-90). At the February 2005 term, the Horry County Grand Jury indicted Petitioner for Felony DUI (05-GS-26-0669). (Tr. 792-93).

Petitioner was represented at the trial level by M. Gregory McCollum, Esquire. The case was tried from October 17 to 24, 2005, before the Honorable Paul M. Burch and a jury. On October 24, 2005, the jury convicted Petitioner as charged (Tr. 757), and Judge Burch sentenced him to concurrent terms of fifteen (15) years on each count. (Tr. 783; 788; 791).

Attorney McCollum timely filed a notice of appeal with the South Carolina Court of Appeals. Assistant Appellate Defender Ailleen P. Clare was appointed to represent Petitioner in his direct appeal. On June 25, 2007, Clare filed with the South Carolina Court of Appeals a Final Brief of Appellant, in which she raised the following issues:

1.    Did the search of appellant's truck exceed the scope of consent, when the police dissembled or removed so many parts that the truck was inoperable when it was returned?

2.    Did the lower court err by failing to declare a mistrial when the solicitor told the jury it should consider appellant's failure to contact police to modify his statement as "evidence of a guilty mind?"

The State filed a Final Brief of Respondent on June 12, 2007. Following submission, the South Carolina Court of Appeals affirmed the convictions and sentences by opinion dated March 13, 2008. State v. Moore, 659 S.E.2d 256 (S.C. Ct. App. 2008).

Assistant Appellate Defender M. Celia Robinson took over the representation on direct appeal, and on March 28, 2008, she filed a Petition for Rehearing with the South Carolina Court of Appeals. (Tr. 8). The state court of appeals denied the petition for rehearing by order dated May 23, 2008. (App. 16). The Remittitur was issued on July 1, 2008.

On September 23, 2008, Assistant Appellate Defender Robinson filed with the South Carolina Supreme Court a Petitioner to Recall the Remittitur and Accept the Petition for Writ of Certiorari Out of Time. The State filed a Return dated September 25, 2008. On October 23, 2008, the South Carolina Supreme Court denied the petition to recall the remittitur and accept the late certiorari petition.

There has been no evidence presented that Petitioner has a PCR pending.


## II. PETITIONER'S GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raised the following challenges to his conviction, quoted verbatim:

| | |
|---|---|
| Ground One: | The Trial Court refused to suppress evidence seized in violation of Fourth Amendment denied Petitioner a fair trial. |
| Supporting Facts: | Petitioner asserts the evidence seized was in violation of his Fourth Amendment rights and should have been suppressed because he did not consent to the officers dismantling of the truck, and leaving it in operable. The evidence was obtained due to an unreasonable search which denied him a fair trial. |
| Ground Two: | Did the trial court err by not granting a mistrial when the prosecutor commented on Petitioner's right to testify in violation of his 5th and 14th Amendment rights. |
| Supporting Facts: | Petitioner asserts the comments made by the prosecutor in front of the jury had a substantial injuries[sic] effect. The prosecutor told the jury that the alleged statement made to his |

friend was evidence of a guilty mind. Petitioner asserts the statement was highly prejudicial and denied him a fair trial.

(Petition).

## III.  SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving

party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the defendants are "entitled to judgment as a matter of law" under Rule 56(c) because the Petitioner has failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.


## IV. STANDARD OF REVIEW

Since Moore filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In a thorough discussion of the application of this statute in Green, the Fourth Circuit stated:

> If a state court decision is in square conflict with a precedent (supreme court) which is controlling as to law and fact, then the writ of habeas corpus should issue; if no such controlling decision exists, the writ should issue only if the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant supreme court precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts. In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable.

See also Fitzgerald v. Greene, 150 F.3d 357, 362 (4th Cir. 1998); Wright v. Angelone, 151 F.3d 151, 156 (4th Cir. 1998); Cardwell v. Greene, 152 F.3d 331, 339 (4th Cir. 1998). In Williams v. Taylor, 163 F.3d 860 (4th Cir. 1998), the court specifically rejected an argument that the standard of review enunciated in Green, 143 F.3d 865, was erroneous. Thus, to a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (lst Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review"). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Wilson v. Moore, 999 F. Supp. 783 (D.S.C. 1998).

## V.  ARGUMENTS/FINDINGS

In his first ground, Petitioner argues the trial court violated his rights under the Fourth Amendment by refusing to suppress evidence. Specifically, Petitioner is arguing that his Fourth Amendment rights were violated when officers dismantled a portion of the truck which he asserts exceeded the scope of consent.

Respondent argues that this issue is not cognizable in federal habeas corpus as Petitioner had a full and fair opportunity to litigate these claims in state court.

It is recommended that summary judgment be granted on this issue. Petitioner argued on direct appeal the search of his truck exceeded the scope of consent when the police dissembled or removed so many parts that the truck was inoperable when it was returned. The conviction was

affirmed and the appeal dismissed by the South Carolina Court of Appeals. A federal court will not grant habeas relief based on a Fourth Amendment violation if "the State has provided an opportunity for full and fair litigation" of the claim. Stone v. Powell, 428 U.S. 465, 482 (1976). As Petitioner raised this clam on direct appeal, he was provided with such opportunity. Therefore, it is recommended that Respondent's motion for summary judgment be granted with respect to Ground One.

In Ground Two, Petitioner asserts that the trial court erred in failing to grant his motion for mistrial after the prosecutor allegedly made an improper comment during his closing argument. Petitioner asserts the prosecutor improperly told the jury that they should consider that "the alleged statement made to his friend was evidence of a guilty mind." (Petition). The trial court denied the motion and gave a cautionary instruction to the jury.

This issue was raised in Petitioner's direct appeal and was rejected by the South Carolina Court of Appeals. Therefore, this issue is exhausted and properly before this Court.

Respondent first argues that this "issue is procedurally barred as Petitioner never perfected discretionary review by the state supreme court." (Brief, p. 11). In support of this argument Respondent relies on O'Sullivan v. Boerckel, 526 U.S. 838 (1999) which held that the failure during direct appeal to seek discretionary review of the Illinois state supreme court after decision of intermediate appellate court, meant that Petitioner did not exhaust state remedies for purposes of federal review of the claims. Respondent submits a lengthy discussion of this issue and concludes that at the time of Petitioner's direct appeal, the possibility of filing for discretionary review by the South Carolina Supreme Court was available under state law. Since Petitioner did not perfect a request for the state supreme court to review, Respondent asserts Petitioner did not properly preserve

the claim for federal habeas under <u>Coleman</u>.

The undersigned disagrees. The South Carolina Supreme Court discussed the principles in <u>State v. McKennedy</u>, 348 S.C. 270, 559 S.E. 2d 850 (2002), affirming dismissal of an appeal pursuant to <u>Anders</u> by the South Carolina Court of Appeals and concluding:

> We Affirm the Court of Appeals and hold this Court's 1990 order, <u>In re Exhasution of Sate Remedies in Criminal and Post-Conviction Relief</u>, 321 S.C. 563, 471 S.E.2d 454, (1990), establishes that seeking discretionary review in this Court is outside of South Carolina's ordinary appellate procedure and, therefore, unnecessary for purposes of exhaustion of this(sic) state remedies under <u>O'Sullivan</u>.

<u>Id</u>., at 281, 559 S.E.2d 850.

Based on a reading of <u>McKennedy</u>, a dismissal of an <u>Anders</u> appeal or any appeal by the South Carolina Court of Appeals is, from a state perspective, sufficient for exhaustion for federal habeas purposes. Even though the issue in this case does not involve an <u>Anders</u> brief, the principle of exhaustion is the same. Therefore, the undersigned will address Respondent's second argument for summary judgment with respect to Ground Two.

Respondent argues that Petitioner's claim fails on the merits asserting that attempts at covering up or destroying evidence are admissible as evidence of guilty knowledge or consciousness of guilt *citing* Rule 801(d)(2), SCRE (admissions of party opponent). Respondent contends that the prosecution was not commenting on any post-Miranda exercise of silence and was not commenting on the refusal to give a custodial statement made in response to police interrogation. Respondent asserts that the prosecution was commenting on the fact that Petitioner was actively and expressly attempting to get his friend to support the false alibi Petitioner had offered to police. (Respondent's brief). Respondent argues that such  non-custodial conversations with a friend do not implicate Fifth Amendment concerns. <u>Coolidge v. New Hampshire</u>, 403 U.S. 443, 487-488, (1971); <u>United States</u>

8

v. Kimbrough, 477 F.3d 144, 151 (4th Cir. 2007). (Id.).

A review of the decision by South Carolina Court of Appeals reveals the court found the following with respect to this issue:

> Moore argues that during closing arguments the solicitor made an impermissible comment on the defendant's right to remain silent when he stated the following:
>
>> Remember this. Tim Novembrino, a friend of his, Tim Novembrino said, "After the police talked with him, he comes up and says immediately runs to the phone." He says,
>>
>> "Tim, I was with you last night. Right?"
>>
>> "No, you wasn't at my house."
>>
>> "I spent the night with you on the 20th, the 19th going into the 20th Right?"
>>
>> "No."
>>
>> "Well, I told the police that."
>>
>> Tim Novembrino said, "You better go back and tell the police something different because that is not true."
>>
>> People, you can consider that as evidence of a guilty mind.
>
> The decision to grant or deny a mistrial is within the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion amounting to an error of law. State v. Stanley, 365 S.C. 24, 33, 615 S.E.2d 455, 460 (Ct. App. 2005); State v. Rowlands, 343 S.C. 454, 458, 539 S.E.2d 717, 719 (Ct. App. 2000). Granting of a mistrial is a serious and extreme measure which should only be taken when the prejudice can be removed no other way. Stanley, 365 S.C. at 34, 615 S.E.2d at 460.
>
> While the state may not directly or indirectly refer to or comment upon a defendant's exercise of a constitutional right, namely his right to remain silent, here the solicitor was commenting on what he characterized as Moore's attempt to create a false alibi. Furthermore, the solicitor simply restated the testimony that is already in the record without objection. "Improper comments on a defendant's failure to testify does not automatically require reversal if they are not prejudicial to the defendant." Gill v. State, 346 S.C. 209, 221, 552 S.E.2d 26, 33 (2001). "The defendant bears the burden

of demonstrating that improper comments on his refusal to testify deprived him of a fair trial." Id. "Furthermore, even if the solicitor makes an improper comment on the defendant's failure to testify, a curative instruction emphasizing the jury cannot consider [the] defendant's failure to testify against him will cure any potential error." Id.

The trial judge first gave a cautionary instruction to the jury during trial that the testimony of the witness about instructing Moore to call the police was not to be held against the defendant and the judge further reminded the jury that the defendant had the constitutional right to remain silent. In the final charge, the judge again stated that Moore did not have the duty to report to or call the police. The judge also reiterated the defendant's right to remain silent and that the defendant's silence may not be considered against him. Even if the comment by the solicitor was inappropriate, which we do not so hold, having considered the entire record and the charge as a whole, the trial judge cured the alleged improper inference by the solicitor, if any. Accordingly, any alleged error did not prejudice Moore and was therefore harmless.

(State v. Moore , 659 S.E. 2d, 256, 262-263).

The Court of Appeals determined that the solicitor was commenting on what was characterized as Petitioner's attempt to create a false alibi and simply restated the testimony that was already in the record. It noted that the trial judge gave a cautionary instruction to the jury during trial and, in the final charge, reiterated the defendant's right to remain silent and that his silence could not be considered against him. Further, the Court of Appeals found that even if  the comment was inappropriate, considering the entire record and charge as a whole, the trial judge cured the alleged improper inference by the solicitor. Thus, error, if any, did not prejudice Mr. Moore and was harmless.

The solicitor did not argue, directly or indirectly, that the jury should infer guilt because Moore did not testify in his own defense, but commented on circumstantial evidence of state of mind that had been admitted at trial. See United States v. Hughes, 716 F.2d 234, 240 (4th Cir. 1983). The prosecutor's statements were not "manifestly intended to be, or . . . of such character that the jury

would naturally and necessarily take it to be a comment on the failure of the accused to testify."

United States v. Anderson, 481 F.2d 685, 701 (4th Cir. 1993). Thus, the state court's finding of no

Fifth Amendment violation of right to remain silent was not contrary to, or involve an unreasonable

application of, clearly established Federal law. Additionally, the South Carolina Court of Appeals

found "even if the comment by the solicitor was inappropriate, which we do not so hold, having

considered the entire record and the charge as a whole, the trial judge cured the alleged improper

inference by the solicitor, if any. Accordingly, any alleged error did not prejudice Moore and was

therefore harmless." (State v. Moore, supra.). This finding is not contrary to or involve an

unreasonable application of clearly established Federal law. We are to apply a harmless error

analysis in the event of constitutional error. Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993);

Smith v. Dixon, 14 F.3d 956, 975 (4th Cir. 1994 (*en banc*). Harmless error analysis is applicable to

a claim of improper comments by a prosecutor regarding the silence of the accused at trial. See

United States v. Hasting, 461 U.S. 499, 508 (1983). When considering whether comments by a

prosecutor were so improper as to warrant relief, "the relevant question is whether the prosecutors'

comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due

process.' " Darden v. Wainwright, 477 U.S. 168, 181, (1986) (*quoting* Donnelly v. DeChristoforo,

416 U.S. 637, 643, (1974). "Moreover, the appropriate standard of review for such a claim on a writ

of habeas corpus is the 'narrow one of due process, and not the broad exercise of supervisory

power.' " Darden, 477 U.S. at 181 (*quoting* Donnelly, 416 U.S. at 642). In conducting this review,

such comments being undesirable or even "universally condemned" is not alone enough to warrant

reversal. <u>Darden</u>, 477 U.S. at 180-81; *see also* <u>Donnelly</u>, 416 U.S. at 643. [2] Petitioner fails to show

the solicitor's comments violated his rights to due process. As state above, the state court found no

prejudice to Moore. To infringe his rights to due process, Petitioner must show improper remarks

and that the improper remarks "so prejudiced the defendant's substantial rights that the defendant

was denied a fair trial." <u>United States v. Wilson</u>, 135 F.3d 291, 297 (4th Cir. 1988).[3] Accordingly,

it is recommended that this issue be dismissed and Respondent's motion for summary judgment

granted with respect to this issue.


## VI.  CONCLUSION

Based on the foregoing, it is recommended that Respondent's motion for summary judgment

(document #15) be GRANTED and Petitioner's petition for Writ of Habeas Corpus should be

denied, and this Petition dismissed.

It is further recommended for the reasons set forth above that Petitioner's motion for

summary judgment (doc.#20) be DENIED.


Respectfully submitted,



s/Thomas E. Rogers, III
Thomas E. Rogers, III
July <u>6</u>, 2010                                        United States Magistrate Judge
Florence, South Carolina


**The parties' attention is directed to the important notice on the next page.**

---

[2] *See also* <u>United States v. Harrison</u>, 716 F.2d 1050 (4th Cir. 1983), *cert. denied*, 466 U.S. 972, (1984); <u>United States v. Sanchez</u>, 118 F.3d 192, 198 (4th Cir. 1997).

[3] To the extent Petitioner is attempting to raise state law issues, claims  arising from state law are not cognizable. See <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).