IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Gary R. Moore, | ) | C/A No.: 4:09-1258-JFA-TER |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | O R D E R |
| Gregory Knowlin, Warden, | ) | |
| Respondent. | ) | |

The *pro se* petitioner, Gary R. Moore, initiated this action pursuant to 28 U.S.C. § 2254 challenging his state court conviction for leaving the scene of an accident involving death and felony DUI. Specifically, petitioner contends that the state trial court erred in (1) refusing to suppress evidence seized in violation of the Fourth Amendment; and (2) refusing to grant a mistrial regarding the solicitor's comments during trial.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the respondent's motion for summary judgment[2] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motions for summary judgment. The petitioner did respond and subsequently filed his own motion for summary judgment.

1

Recommendation, which was entered on the docket on July 6, 2010, and he has done so within the time limits prescribed.

GROUND 1

In his first ground, petitioner argues that the state trial court violated his rights under the Fourth Amendment by refusing to suppress evidence that investigating officers discovered during their unreasonable search and dismantling of his truck (which was actually owned by his brother) and that petitioner did not consent to such search.

The petitioner argued this issue on direct appeal and the South Carolina Court of Appeals affirmed the conviction and dismissed the appeal. As the Magistrate Judge correctly notes, a federal court will not grant habeas relief based on a Fourth Amendment violation if "the State has provided an opportunity for full and fair litigation" of the claim. *Stone v. Powell*, 428 U.S. 465, 482 (1976). Respondent's motion for summary judgment is granted on Ground 1.

In his objections to the Report, petitioner argues that his appellate defense attorney failed to perfect an appeal which denied him an avenue to address the issue concerning expectation and standing concerning privacy. He submits he has been denied a "full bite at the apple" by his appellate counsel's deficient performance. This issue was not raised in the original grounds of his petition.

To the contrary, the South Carolina Court of Appeals addressed the issue of privacy finding that the search did not violate petitioner's privacy interests. Petitioner was a permissive user of the truck when he struck and killed a pedestrian; the truck was owned by

2

petitioner's brother who, along with petitioner, consented to its search and seizure. This objection is overruled.

GROUND 2

Here petitioner asserts that the trial court erred in failing to grant his motion for a mistrial after the solicitor allegedly made an improper comment during his closing argument. Petitioner asserts that the solicitor improperly told the jury that they should consider that "the alleged statement made to his friend was evidence of a guilty mind." The trial court denied the motion and gave a cautionary instruction to the jury. This issue was raised on direct appeal and rejected by the South Carolina Court of Appeals. Despite the respondent's argument to the contrary, the Magistrate Judge concludes that this issue is not procedurally barred simply because the petitioner did not perfect discretionary review by the South Carolina Supreme Court and this court agrees.

In Ground 2, petitioner claims that the solicitor's remarks during closing argument were highly prejudicial and violated his Fifth Amendment right to a fair trial. To infringe his rights to due process, petitioner must show improper remarks, and that the improper remarks "so prejudiced the defendant's substantial rights that the defendant was denied a fair trial." *United States v. Wilson*, 135 F.3d 291, 297 (4th Cir. 1988).

During closing argument in petitioner's state criminal trial, the solicitor made the following remarks concerning the petitioner's conversation with his co-worker:

> Remember this. Tim Novembrino, a friend of his, Tim Novembrino said, "After the police talked with him, he comes up and says immediately runs to the phone." He says, "Tim, I was with you last night. Right?" "No, you wasn't at my house." "I spent the night with you on the 20th, the 19th going

3

> into the 20th. Right?" "No." "Well, I told the police that." Tim Novembrino said, "You better go back and tell the police something different because that is not true." People, you can consider that as evidence of a guilty mind.

Trial Tn., June 24, 2000, at 719.

The South Carolina Court of Appeals found that the solicitor was commenting on what was characterized as petitioner's attempt to create a false alibi and that the solicitor simply restated the testimony that was already in the record. The court also noted that the trial judge gave a cautionary instruction and reiterated the defendant's right to remain silent. The court further found that even if the comment was inappropriate (which the court did not so hold), considering the entire record and charge as a whole, the trial judge cured the alleged improper inference by the solicitor. The court ruled that the error, if any, did not prejudice the petitioner and was harmless.

The Magistrate Judge opines that the state court's finding of no Fifth Amendment violation of the right to remain silent was not contrary to, or involved an unreasonable application of clearly established federal law. *Brecht v. Abrahamson*, 507 U.S. 619 (1993).

Claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2).

When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the

relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000); *see also Humphries v. Ozmint*, 397 F.3d 206 (4th Cir. 2005) ; *McHone v. Polk*, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Petitioner's objection to the Magistrate Judge's findings on Ground 2 are merely repetitive of the same arguments made before and considered by the Magistrate Judge in his Report. As such, they are overruled.

After a careful review of the record, the applicable law, the Report and Recommendation, and the petitioner's objections thereto, the court finds the Magistrate Judge's recommendation to be proper and the Report is incorporated herein by reference.

Accordingly, the respondent's motion for summary judgment is granted and this action is dismissed with prejudice.

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255. The court has reviewed its order and pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322,

336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

    IT IS SO ORDERED.

August 10, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge